NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| FRANK BRANDT, | Civil Action No.: 17-5251 (JLL) |
| Plaintiff, | OPINION |
| v. | |
| VICKIE WALSH, *et al.*, | |
| Defendants. | |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF Nos. 11, 14). Defendants Vickie Walsh, the New Jersey Education Association, Peter Nosal, and the Boonton Education Association, (collectively, the "Association Defendants"), filed their motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). (ECF No. 11). Defendants Robert Presuto and the Boonton Board of Education, (collectively, the Board Defendants), filed a separate motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). (ECF No. 14). Plaintiff filed an opposition to both motions, (ECF No. 15), and the Association Defendants and Board Defendants submitted separate replies, (ECF Nos. 18, 19). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants the Association Defendants' and Board Defendants' motions to dismiss.

# I.  BACKRGOUND[1]

Plaintiff commenced this action on July 18, 2017. (ECF No. 1 ("Compl.")). Plaintiff alleges that the Association Defendants breached their legal duty to Plaintiff by failing to provide Plaintiff with fair representation. (Compl. ¶ 1). Plaintiff alleges that the Board Defendants wrongfully terminated Plaintiff and violated his property rights, right to due process, and right to progressive discipline. (Compl. ¶ 2).

Plaintiff was an employee of the Boonton Public School system for over eight years. (Compl. ¶ 3). While employed by Boonton Public Schools, Plaintiff was a member of the Boonton Education Association. (Compl. ¶ 3). The Boonton Education Association was, and is, part of the New Jersey Education Association. (Compl. ¶ 4). The Boonton Education Association signed a collective bargaining agreement with the Boonton Board of Education on July 1, 2014. (Compl. ¶ 4). The collective bargaining agreement expires on June 30, 2018. (Compl. ¶ 4). Both the Boonton Education Association and New Jersey Education Association represented Plaintiff in proceedings related to his wrongful termination by the Boonton Board of Education. (Compl. ¶¶ 11–12). Peter Nosal was the President of the Boonton Education Association during the relevant time period. (Compl. ¶ 5). Vickie Walsh was the New Jersey Education Association representative tasked with Plaintiff's case. (Compl. ¶ 6). Robert Presuto was the Superintendent of Boonton Public Schools during the relevant time period, (ECF No. 16), and the Boonton Board of Education is the governing body of Boonton Public Schools, (ECF No. 15).

On January 20, 2017, Plaintiff was working at the John Hill School in Boonton. (Compl. ¶ 19). Plaintiff walked into the school at the same time as the owner of a local business, who was

---

[1] This background is derived from Plaintiff's Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

2

making a delivery to the school. (Compl. ¶¶ 19, 21). Plaintiff asked the business owner for identification, since he was entering from the rear entrance and had not checked in at the main office. (Compl. ¶ 22). The school's policy was that vendors must enter through the front entrance and check in at the main office. (Compl. ¶ 22). The business owner became "irate" and yelled at Plaintiff, after he asked for identification. (Compl. ¶ 23). Plaintiff tried to walk away from the business owner, but the business owner used his elbows to physically obstruct Plaintiff's passage. (Compl. ¶ 24). Plaintiff and the business owner exchanged words, though Plaintiff does not recall yelling or using profanity in that interaction. (Compl. ¶ 25).

Plaintiff informed his supervisor of what transpired shortly after the incident. (Compl. ¶ 26). Plaintiff's supervisor told Plaintiff he would write up an incident report when he returned to work the next coming Monday. (Compl. ¶ 26). The same day of the incident, however, Robert Presuto called Plaintiff into his office for a meeting about the incident. (Compl. ¶ 26). Peter Nosal accompanied Plaintiff to the meeting. (Compl. ¶ 27). Mr. Nosal did not say anything during the meeting and failed to counter or provide a defense to the statements made by Mr. Presuto. (Compl. ¶ 28).

Plaintiff then received a "Rice Notice" pursuant to N.J.S.A. 10:4-12(b)(8), notifying him of the possibility that the Boonton Board of Education might take action regarding his employment. (Compl. ¶ 36). Ms. Walsh, through the New Jersey Education Association, was in contact with Plaintiff throughout the grievance process. (Compl. ¶ 37). Ms. Walsh let Plaintiff know that a union lawyer would not accompany him to a meeting Plaintiff had scheduled with the Boonton Board of Education on January 23, 2017. (Compl. ¶ 38). At that January 23, 2017

meeting, the Boonton Board of Education terminated Plaintiff and memorialized the termination in a letter to Plaintiff dated January 24, 2017. (Compl. ¶ 39).

Plaintiff invoked the grievance procedure laid out in the collective bargaining agreement between the Boonton Board of Education and the Boonton Education Association. (Compl. ¶ 40). Plaintiff proceeded through level four of the grievance procedure, at which he requested a full hearing. (Compl. ¶ 40). Plaintiff then sought to pursue his claim at level five of the grievance procedure. (Compl. ¶ 41). The Association Defendants failed to take any further action on Plaintiff's behalf. (Compl. ¶ 41). Ms. Walsh told Mr. Nosal and other leaders at the Boonton Education Association not to pursue Plaintiff's grievance at level five, because she did not believe Plaintiff would win on his claims. (Compl. ¶¶ 42–43).

The collective bargaining agreement between the Boonton Education Association and the Boonton Board of Education provides that no employee shall be discharged without just cause. (Compl. ¶¶ 29–30). In a letter, Mr. Presuto claimed that the Boonton Board of Education fired Plaintiff due to his "poor attitude" and because Plaintiff allegedly used profanity during the incident with the local business owner. (Compl. ¶ 31). Mr. Nosal received that letter, but failed to take any action so that someone other than Mr. Presuto could hear Plaintiff's side of the story. (Compl. ¶¶ 32–33). Mr. Presuto's allegations that Plaintiff used profanity are based on the third-party accounts of unidentified witnesses, who Plaintiff has not been able to question. (Compl. ¶ 34). Plaintiff claims that the true reason for Plaintiff's termination is Mr. Presuto's personal vendetta against Plaintiff, and that the aforementioned incident provided Mr. Presuto with a "legitimate reason" to fire Plaintiff. (Compl. ¶ 35). As a result, Plaintiff's termination violated

the collective bargaining agreement, because it was without just cause and because Plaintiff did not receive adequate representation. (Compl. ¶ 36).

Plaintiff's Complaint sets forth eight counts: Count I alleges a breach of Defendants' duty of fair representation under the collective bargaining agreement and under the Labor Management Relations Act ("LMRA") § 301; Count II alleges that Defendants breached the terms of the collective bargaining agreement; Count III alleges a violation of Plaintiff's due process rights under the Fourteenth Amendment of the United States Constitution; Count IV alleges a violation of Plaintiff's due process rights under Article I of the New Jersey Constitution; Count V alleges wrongful termination under New Jersey common law; Count VI alleges violations of 42 U.S.C. § 1983; Count VII alleges *ultra vires* actions by the Board Defendants; and Count VIII alleges vicarious liability. (Compl. ¶¶ 46–71). Count I is set forth against the Association Defendants only and Counts V, VI, and VII are set forth against the Board Defendants only. The remaining Counts are set forth against all Defendants.

## II. LEGAL STANDARD

Defendants seek to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and/or failure to state a claim, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. There are different standards of review under each. *See Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 428 (D.N.J. 1999) (collecting cases).

### A. Rule 12(b)(1) Subject Matter Jurisdiction

Federal Courts have limited jurisdiction and are permitted to adjudicate cases and controversies only as permitted under Article III of the Constitution. *See* U.S. Const. art. III, § 2; *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Unless affirmatively demonstrated, a federal court

is presumed to lack subject matter jurisdiction. *Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998) (citing *Renne v. Geary*, 501 U.S. 312, 316 (1991)). The burden of demonstrating the existence of federal jurisdiction is on the party seeking to invoke it. *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A motion to dismiss under Rule 12(b)(1) "attacks . . . the right of a plaintiff to be heard in Federal court." *Kurtzman*, 45 F. Supp. 2d at 428. When ruling on such a motion, a distinction must be made between a facial and factual attack. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). If the Rule 12(b)(1) motion is a facial attack, "the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (citing *Mortensen*, 549 F.2d at 891). On the other hand, when the Rule 12(b)(1) motion is a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

Here, Defendants' motions to dismiss under Rule 12(b)(1) are facial attacks, as they concern an alleged pleading deficiency. *See Pa. Shipbuilding Co.*, 473 F.3d at 514. Accordingly, "the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *Id.* (citing *Mortensen*, 549 F.2d at 891).

### B. Rule 12(b)(6) Failure to State a Claim

To withstand a motion to dismiss for failure to state a claim, a "complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the Court must take three steps. "First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.' Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, '[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III. ANALYSIS

#### A. Count I: Breach of Duty of Fair Representation

The Association Defendants argue that this Court lacks subject matter jurisdiction over Count I because the LMRA does not apply to public employers or public labor organizations. (ECF No. 11-2 at 11). To state a claim under the LMRA, Plaintiff must show that he is part of an

employer-employee relationship as defined by the LMRA. *Anderson v. Mercer Cty. Sheriff's Dept.*, Civil Action No. 11-7620 (JAP)(TJB), 2015 WL 404473, at *2 (D.N.J. Jan. 29, 2015) (citing *Stinson v. Del. River Port Auth.*, 935 F. Supp. 531, 537 (D.N.J. 1996), *aff'd*, 124 F.3d 188 (3d Cir. 1997).

The critical issue here is whether either the Association Defendants or the Board Defendants constitute an employer under the LMRA because the Plaintiff's unfair representation allegations arise out of his employment with the Boonton Public School system. The LMRA defines an employer as "any person acting as an agent of an employer, directly or indirectly, but shall not include . . . any State or political subdivision thereof . . . or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 152(2).

The Association Defendants are correct that public labor unions and public employers fall outside the scope of the LMRA. *See Jackson v. Temple Univ. of the Commonwealth Sys. of Higher Educ.*, 721 F.2d 931, 933–934 (3d Cir. 1983) (finding that the district court erred in failing to dismiss public employee's National Labor Relations Act ("NLRA") claims against a public employer and union for a lack of subject matter jurisdiction); *Crilly v. Se. Pa. Transp. Auth.*, 529 F.2d 1355, 1358–63 (3d Cir. 1976) (finding that a public employer, public employee and his union were excluded from coverage under the LMRA).[2] Plaintiff's Complaint asserts that the Association Defendants are public employee unions and officials and that the Board Defendants are public employers, (Compl. ¶¶ 10–16), and as such are not covered by the LMRA. In fact,

---

[2] "Title I [of the LMRA] reenacted the [the NLRA] with extensive revisions. The definition of employer in Title I, insofar as it excluded states and their political subdivisions from coverage, was not changed. Title I of the [LMRA] is still commonly referred to as the [NLRA] . . . ." *Crilly*, 529 F.2d at 1358.

8

Plaintiff concedes that he erroneously pled Count I under the LMRA, precisely because the statute does not apply to pubic employers or public labor organizations. (ECF No. 15 at 36). The Court thus lacks subject matter jurisdiction over Count I under the LMRA and must dismiss Count I of the Complaint.[3]

**B. Count II: Breach of Contract**

Plaintiff also alleges a breach of the collective bargaining agreement by the Association Defendants and the Board Defendants. (Compl. ¶¶ 52–57). In their moving briefs, the Association Defendants and the Board Defendants argue that, to the extent the breach of contract allegations laid out in Count II are an extension of Plaintiff's allegations in Count I, the two comprise a "hybrid" claim under the LMRA, and the Court lacks subject matter jurisdiction over Count II as well. (ECF No. 11-2 at 13–15; ECF No. 14-1 at 16–17). "A 'hybrid' section 301 action is one in which a union member sues his or her employer for breaching its contractual obligations under the collective bargaining agreement and the union for breaching its duty of fair representation." *Beidleman v. Stroh Brewery Co.*, 182 F.3d 225, 236 (3d Cir. 1999) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65 (1983)). To the extent that Plaintiff's breach of contract claim is a hybrid claim under the LMRA, the Court lacks subject matter jurisdiction over Count II for the same reasons the Court lacks subject matter jurisdiction over Count I. In "hybrid" cases where, as here, the unfair representation claim is "based on the union's failure to pursue a grievance on behalf of the plaintiff employee against the [public] employer . . . the absence of federal jurisdiction over the claim against the employer necessarily means there is no basis for federal jurisdiction

---

[3] Plaintiff requests that the Court allow him to amend his Complaint to plead Count I under New Jersey Law. (ECF No 15 at 36). As explained in more detail below, the Court no longer has subject matter jurisdiction over the remaining claims, and the Court denies to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

9

over the employee's unfair representation claim." *Felice v. Sever*, 985 F.2d 1221, 1227 (3d Cir. 1993).

Plaintiff argues, in the alternative, that the Board Defendants' actions, in terminating Plaintiff without just cause, violated New Jersey common law and the terms of the collective bargaining agreement between the Boonton Board of Education and the Boonton Education Association. (ECF No. 15 at 23). Plaintiff and Defendants are all citizens of New Jersey, (Compl. ¶¶ 10–18), so the Court does not possess diversity jurisdiction over the parties, and the Court does not have federal question jurisdiction over state law contract claims. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.* 545 U.S. 308, 314 (2005) (noting that for federal jurisdiction to attach to a state law claim, there must be a substantial, disputed question of federal law as a necessary element of the well-pleaded state law claim). Furthermore, as explained below, there are no remaining claims over which this Court has federal question jurisdiction. As such, the Court declines to exercise supplemental jurisdiction over the remaining state law breach of contract claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .").

For the aforementioned reasons, Count II is dismissed.

### C. Counts III and VI: Violations of the Fourteenth Amendment and 42 U.S.C. § 1983.

To prevail on his constitutional claims, Plaintiff must show that Defendants acted under color of state law in depriving him of his rights granted under the Constitution or federal law. *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir. 1998) (citing *West v. Atkins*,

487 U.S. 42, 48 (1988) and *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)). Plaintiff asserts that he has a "protected property interest in his employment, accrual of pension benefits, and continued pension," and that his termination without just cause deprived him of those property rights without due process under the Fourteenth Amendment. (Compl. ¶¶ 58–61). Plaintiff further alleges that the Board Defendants, acting under color of state law, deprived Plaintiff of his constitutional rights when they terminated him, thus violating 42 U.S.C. § 1983. (Compl. ¶¶ 66–67).

Plaintiff's property interest in his public employment is determined by New Jersey law. *Bishop v. Wood*, 426 U.S. 341, 344 (1976). Under New Jersey law, at-will, nontenured, public school employees have no property interest in their job sufficient to trigger constitutional protections. *Filgueiras v. Newark Pub. Sch.*, 426 N.J. Super. 449, 470 (App. Div. 2012). Plaintiff's employment contract states that "[t]his Agreement may at any time be terminated by either party giving to the other thirty (30) days notice, in writing, of intention to terminate the Employment Agreement." (ECF No. 14-2 at 5). Thus, Plaintiff is an at-will employee without a constitutionally protected property interest in his continued employment, and Counts III and VI must be dismissed. *See El-Hewie v. Bergen Cty.*, 348 F. App'x 790, 794 (3d Cir. 2009) (finding that a nontenured teacher whose contract could be terminated by either party with 60 days notice in writing did not have a constitutionally protected property interest in his position and that his § 1983 claim failed as a matter of law).

### D. Counts IV, V, and VII: Violation of the New Jersey Constitution, Wrongful Termination under New Jersey Law, and *Ultra Vires* Actions by Defendants in Violation of New Jersey Law.

Counts IV, V, and VII of Plaintiff's Complaint are all grounded in New Jersey law.

Count IV alleges a violation of Plaintiff's due process rights under Article I, Paragraph I of the New Jersey Constitution, (Compl. ¶¶ 62–63), Count V alleges wrongful termination under New Jersey common law, (Compl. ¶¶ 64–65), and Count VII alleges *ultra vires* actions in violation of New Jersey law "governing the employment and termination of public employees," (Compl. ¶¶ 68–69). Plaintiff filed his case in federal court based on federal question jurisdiction. (Compl. ¶ 8). Plaintiff also requested that this Court exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). (Compl. ¶ 9). However, where a district court dismisses all claims over which it has original jurisdiction, it may, in its discretion, decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 174 (3d Cir. 2009). Because this Court has dismissed all claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over Counts IV, V, and VII. As a result, this Court dismisses Counts IV, V, and VII for lack of subject matter jurisdiction.

### E. Count VIII: Vicarious Liability

Lastly, Plaintiff sets forth a claim for vicarious liability, arguing that Defendants are vicariously liable for the acts of the individuals involved in Plaintiff's termination and subsequent representation in the grievance proceedings. (Compl. ¶¶ 70–71). Because the Court has determined that Counts III, and VI are not viable, and because the Court has dismissed Counts I, II, IV, V, and VII for lack of subject matter jurisdiction, Plaintiff's vicarious liability claim fails as a matter of law.

## CONCLUSION

For the aforementioned reasons, the Court dismisses Counts III and VI with prejudice and Counts I, II, IV, V, VII, and VIII without prejudice. An appropriate Order accompanies this Opinion.

DATED: January 30, 2018

JOSE L. LINARES
Chief Judge, United States District Court